The Honorable M. Olin Cook State Representative 206 South Enid Avenue Russellville, Arkansas 72801-4534
Dear Representative Cook:
This official Attorney General opinion is rendered in response to certain questions that you have presented regarding Act 1336 of 1997 and the responsibility of the Arkansas Department of Pollution Control and Ecology and the Arkansas Pollution Control and Ecology Commission (collectively, "PCE") in relation to that Act. You indicate that your questions specifically concern a permit that was recently issued by PCE, allowing the City of Dover to construct a wastewater treatment plant near the City of Russellville.
You have asked:
 (1) Does PCE have to abide by all state laws when developing regulations regarding wastewater treatment plant construction?
 (2) Does PCE have to comply with Act 1336 of 1997 when issuing the permit for the construction of the Dover wastewater treatment plant?
 (3) Did PCE consider the feasibility study that is required by Act 1336 in making its decision to issue the Dover permit?
 (4) In the process of issuing the Dover permit, did PCE consider all state and federal laws and regulations, applicable financing requirements, physical possibility, cost of construction or maintenance, and any material adverse effect on real property outside the corporate limits of the municipality (all of which are required by Act 1336 to be considered)?
 (5) In issuing the Dover permit, did PCE comply with Act 1336 of 1997?
 (6) Does the PCE review process adequately cover the provisions of Part III ("Other Conditions"), which states: "The permittee shall not cause or allow the permitted facility to emit odors which unreasonably interfere with enjoyment of life or use of property in the surrounding area"?
Response
Question 1 — Does PCE have to abide by all state laws whendeveloping regulations regarding wastewater treatment plantconstruction?
It is my opinion that PCE must act consistently with all state laws when developing all of its rules and regulations, including those regarding wastewater treatment plant construction. I base this conclusion upon the fact that decisions of PCE can be vacated or suspended on appeal if they are found to be in violation of statutory provisions. See A.C.A. § 8-4-227(d)(1).
It should be noted, however, that not all state laws that are pertinent to wastewater treatment plant construction create an affirmative duty on the part of PCE. Therefore, while PCE may not enact rules or regulations that contradict those laws, it may not be required by a particular law to take any specific action.
You have not identified a particular law with which your question is concerned. In order to determine PCE's particular responsibilities with regard to particular state laws, and whether PCE's rules and regulations are consistent with such laws, it would be necessary to consider each state law with which you are concerned.
I find it pertinent to note that PCE's rules and regulations are presumed to be valid, and that the burden of establishing otherwise lies with party making that assertion. This presumption of validity is set forth in A.C.A. § 8-4-229, as follows:
8-4-229. Appeals, proceedings, etc. — Presumptions.
 (a) In any appeal or other proceeding involving any order, rule, regulation, or other decision of the Arkansas Pollution Control and Ecology Commission, the action of the commission shall be prima facie evidence reasonable and valid, and it shall be presumed that all requirements of the law pertaining to the taking thereof have been complied with.
 (b) All findings of fact made by the commission shall be prima facie evidence of the matters therein stated.
 (c) The burden of proving the contrary of any provision of this subsection shall rest upon the appellant or other party questioning the action of the commission.
A.C.A. § 8-4-229.
Question 2 — Does PCE have to comply with Act 1336 of 1997 whenissuing the permit for the construction of the Dover wastewatertreatment plant?
It is my opinion that, in issuing permits, PCE must act consistently with Act 1336. A.C.A. § 8-4-227(d)(1). That is, PCE should not issue a permit that would undermine compliance with or perpetuate violation of Act 1336. Accord, Op. Att'y Gen. No. 89-363 (concluding that PCE may not issue a permit that would be contrary to a local ordinance). However, it should be noted that Act 1336 does not address PCE's duties with regard to the issuance of permits for the construction of wastewater treatment plants. It therefore sets forth no particular action that the PCE is required to take in connection with the issuance of such permits. Rather, Act 1336 sets forth the responsibilities that must be carried out by municipalities in connection with the operation of a sewage collection system or treatment plant outside their corporate limits. Because the record of the proceedings before PCE should reflect compliance with all standards, see
A.C.A. § 8-4-203(c)(2), it is in the best interest of the aspiring permittee to provide documentation of such compliance to the Commission.
Question 3 — Did PCE consider the feasibility study that isrequired by Act 1336 in making its decision to issue the Doverpermit?
I must decline to respond to Question 3. This question, in effect, asks for a review of PCE's decision to issue the Dover permit. The Attorney General is not authorized to engage in such a review. Under the procedure for review that is provided by state law, the authority to review decisions of PCE is held by the judicial branch of government. See A.C.A. § 8-4-222 through -229.
Question 4 — In the process of issuing the Dover permit, did PCEconsider all state and federal laws and regulations, applicablefinancing requirements, physical possibility, cost of constructionor maintenance, and any material adverse effect on real propertyoutside the corporate limits of the municipality (all of which arerequired by Act 1336 to be considered)?
For the reasons stated in response to Question 3, I am unable to respond to this question.
Question 5 — In issuing the Dover permit, did PCE comply withAct 1336 of 1997?
For the reasons stated in response to Question 3, I am unable to respond to this question.
Question 6 — Does the PCE review process adequately cover theprovisions of Part III ("Other Conditions"), which states: "Thepermittee shall not cause or allow the permitted facility to emitodors which unreasonably interfere with enjoyment of life or useof property in the surrounding area"?
For the reasons stated in response to Question 3, I am unable to respond to this question.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh